**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAN 2 0 2006

| | | |
|---|---|---|
| EMORY UNIVERSITY and MICROBE GUARD, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| | ) ) ) | **1 06-CV-0141** |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| NOVA BIOGENETICS, INC. and TIMOTHY C. MOSES, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Emory University and Microbe Guard, Inc. (collectively

"Plaintiffs") file this Complaint for Patent Infringement against Defendants Nova

BioGenetics, Inc. and Timothy C. Moses (collectively "Defendants") and in

support of their Complaint allege:

### Nature and Basis of Action

1.      This is an action arising under United States Patent Law, 35 U.S.C.

§ 1 *et seq*

## The Parties

2.     Plaintiff Emory University is a private, non-profit university located in Atlanta, Georgia.  It is internationally recognized in teaching, research, scholarship, and healthcare. Emory University has its principal place of business at 201 Dowman Drive, Atlanta, Georgia 30322.

3.     Plaintiff Microbe Guard, Inc. is a leading manufacturer and distributor of antimicrobial services and products.  Microbe Guard is incorporated under the laws of the State of Minnesota and has its principal place of business at 6901 East Fish Lake Road, Suite 132, Maple Grove, MN 55369.

4.     Defendant Nova BioGenetics, Inc. is a manufacturer and distributor of antimicrobial agents.  Upon information and belief, Nova BioGenetics is incorporated under the laws of the State of Delaware and has a principal place of business at 8601 Dunwoody Place, Suite 338, Atlanta, GA 30350.  Nova BioGenetics's agent for service of process in Georgia is listed as Timothy C. Moses, 3353 Peachtree Road, Suite 942, Atlanta, Georgia 30326.

5.     Defendant Moses resides at 405 N. Errol Court N.W., Atlanta, Georgia 30307.  He was the Executive Vice President and Director of Business Development of Nova BioGenetics until his conviction for securities fraud and perjury.

2

6.      Upon information and belief, Nova Biogenetics has made, used,
offered to sell, or sold; has induced others to make, use, offer to sell, or sell; or has
contributed to the making, using, offering to sell, or selling, in this judicial district
and elsewhere in the United States, antimicrobial products containing water-
stabilized organosilanes or methods of making or using the antimicrobial products,
thereby directly or indirectly infringing the patent rights of Emory University and
Microbe Guard, which has caused and is continuing to cause irreparable injury to
Emory University and Microbe Guard as set forth herein.

## Jurisdiction and Venue

7.      This Court has jurisdiction over the subject matter of this action
pursuant to 28 U.S.C. §§ 1331 and 1338.

8.      Defendant Nova Biogenetics has an agent for service in Georgia, has a
principal place of business in Georgia, has conducted business within this judicial
district, and has committed within this judicial district the acts complained of
herein and is therefore subject to personal jurisdiction of this Court.

9.      Defendant Moses is a resident of this judicial district and has
committed within this judicial district the acts complained of herein and is
therefore subject to personal jurisdiction of this Court.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## Facts Giving Rise To This Action

11.     Emory University is the owner of all rights, title, and interest in U.S. Patent No. 5,959,014 (the '014 patent).

12.     Emory University is the owner of all rights, title, and interest in U.S. Patent No. 6,221,944 (the '944 patent).

13.     Emory University is the owner of all rights, title, and interest in U.S. Patent No. 6,632,805 (the '805 patent).

14.     Microbe Guard, by a license agreement from Emory University, is an exclusive licensee of the technology covered by the '014, '944, '805 patents.

15.     Nova BioGenetics has infringed and is continuing to infringe, directly or indirectly, the '014, '944, '805 patents.

16.     Upon information and belief, Defendant Moses personally took part in or personally directed, or actively and knowingly caused others to do the acts that infringe the '014, '944, '805 patents.

17.     Microbe Guard contacted Nova Biogenetics in May 2005 and informed Nova BioGenetics it was infringing the '014, '944, '805 patents and demanded that Nova Biogenetics cease its infringing activities.

18.     Nova BioGenetics refused to stop its infringing activities.

4

## COUNT I

## Infringement of U.S. Patent No. 5,959,014

19.     Plaintiffs incorporate and re-allege the averments contained in paragraphs 1 through 18, as if set forth in full.

20.     Plaintiff Emory University is the owner of all right, title and interest in and to the '014 patent.

21.     Plaintiff Microbe Guard is an exclusive licensee of rights in and to the '014 patent.

22.     Upon information and belief, Nova Biogenetics has made, used, offered to sell, or sold; has induced others to make, use, offer to sell, or sell; or has contributed to the making, using, offering to sell, or selling, without authority from Emory University, products covered by or products made by methods covered by one or more of the claims of the '014 patent.  35 U.S.C. §§ 271.

23.     Upon information and belief, Defendant Moses has personally directed or knowingly and actively caused others to do the acts that infringe the Plaintiffs' rights.

24.     Upon information and belief, Defendants Moses and Nova BioGenetics have willfully and deliberately, in disregard of Plaintiffs' lawful rights under the '014 Patent, infringed the '014 patent, rendering this case "exceptional"

5

as that term is set forth in 35 U.S.C. § 285 and warranting an award of treble damages under 35 U.S.C. § 284.

25.     Plaintiffs have been damaged and will be irreparably injured by Defendants' continuing infringement, direct or indirect, of the '014 Patent, for which Plaintiffs have no adequate remedy at law.  Defendants' illegal activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT II

## Infringement of U.S. Patent No. 6,221,944

26.     Plaintiffs incorporate and re-allege the averments contained in paragraphs 1 through 18, as if set forth in full.

27.     Plaintiff Emory University is the owner of all right, title and interest in and to the '944 patent.

28.     Plaintiff Microbe Guard is an exclusive licensee of rights in and to the '944 patent.

29.     Upon information and belief, Nova Biogenetics has made, used, offered to sell, or sold; has induced others to make, use, offer to sell, or sell; or has contributed to the making, using, offering to sell, or selling, without authority from Emory University, products covered by or products made by methods covered by one or more of the claims of the '944 patent.  35 U.S.C. §§ 271.

30.     Upon information and belief, Defendant Moses has personally directed or knowingly and actively caused others to do the acts that infringe the Plaintiffs' rights.

31.     Upon information and belief, Defendants Moses and Nova BioGenetics have willfully and deliberately, in disregard of Plaintiffs' lawful rights under the '944 Patent, infringed the '944 patent, rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and warranting an award of treble damages under 35 U.S.C. § 284.

32.     Plaintiffs have been damaged and will be irreparably injured by Defendants' continuing infringement, direct or indirect, of the '944 Patent, for which Plaintiffs have no adequate remedy at law.  Defendants' illegal activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT III

### Infringement of U.S. Patent No. 6,632,805

33.     Plaintiffs incorporate and re-allege the averments contained in paragraphs 1 through 18, as if set forth in full.

34.     Plaintiff Emory University is the owner of all right, title and interest in and to the '805 patent.

7

35.　　Plaintiff Microbe Guard is an exclusive licensee of rights in and to the '805 patent.

36.　　Upon information and belief, Nova Biogenetics has made, used, offered to sell, or sold; has induced others to make, use, offer to sell, or sell; or has contributed to the making, using, offering to sell, or selling, without authority from Emory University, products covered by or products made by methods covered by one or more of the claims of the '805 patent.  35 U.S.C. §§ 271.

37.　　Upon information and belief, Defendant Moses has personally directed or knowingly and actively caused others to do the acts that infringe the Plaintiffs' rights.

38.　　Upon information and belief, Defendants Moses and Nova BioGenetics have willfully and deliberately, in disregard of Plaintiffs' lawful rights under the '805 patent, infringed the '805 patent, rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and warranting an award of treble damages under 35 U.S.C. § 284.

39.　　Plaintiffs have been damaged and will be irreparably injured by Defendants' continuing infringement, direct or indirect, of the '805 patent, for which Plaintiffs have no adequate remedy at law.  Defendants' illegal activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

## Request for Relief

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment:

A      That the Defendants infringe one or more claims of U.S. Patent No. 5,959,014;

B.     That the Defendants infringe one or more claims of U.S. Patent No. 6,221,944;

C.     That the Defendants infringe one or more claims of U.S Patent No, 6,632,805;

D.     That the Plaintiffs are entitled to monetary damages;

E.     That the Plaintiffs are entitled to injunctive relief;

F.     That the Defendants' illegal activities were willful, justifying enhanced damages;

G.     That this case is exceptional, justifying an award to the Plaintiffs of attorneys' fees and costs incurred in this action, pursuant to 35 U.S.C. § 285; and

H.     Granting Plaintiffs such other and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiffs demand trial by jury on all issues triable by a jury in this case.


Respectfully submitted this 20th day of January, 2006.

Lawrence K. Nodine
lnodine@needlerosenberg.com
Georgia Bar No. 545250
Tina Williams McKeon
Georgia Bar No. 495360
Jeffrey H. Brickman
Georgia Bar No. 080432
Thad C. Kodish
Georgia Bar No. 427603
Christopher L. Curfman
Georgia Bar No. 202243
NEEDLE & ROSENBERG, P.C.
999 Peachtree Street
Suite 1000
Atlanta, Georgia  30309-3915
(678) 420-9300 telephone
(678) 420-9301 facsimile